In the matter of the application of THE PROVIDENT INSTI
TUTION FOR SAVINGS, in Jersey City, for direction in regard
to its trusts.

Under *P. L.* 1878, p. 393, construed in connection with *P. L.* 1876,
p. 341, a savings bank cannot divide more than five per cent. per
annum among its depositors, until after its surplus exceeds fifteen per
cent. of its deposits.

On petition.

*Mr. Peter Bentley*, for the petitioner.

THE CHANCELLOR.

By the charter of the petitioner (*P. L.* 1839, p. 83,) it is
provided that all the income or profit of the deposits
received by it shall be divided among the depositors in
just proportion, after reasonable deductions for necessary
expenses. By the act " for the better security of depositors
in savings banks," (*P. L.* 1878, p. 393,) it is provided that
'it shall be the duty of the trustees, managers or directors
of every savings bank or institution to regulate the rate of
interest or dividends, not to exceed five per cent. per
annum [upon the moneys deposited] therewith, in such
manner that depositors shall receive, as nearly as may be,
all the profits of such corporation, after deducting necessary
expenses and other payments, and reserving such amount as
said trustees or managers may deem expedient as a surplus."

It appears, from the petition, that the petitioner, in 1877,
from its income, paid to its depositors dividends amounting
to six per cent. per annum, and added to its surplus
about $24,000. It is also stated that it is able to pay from
its income, after deducting expenses, a dividend at that rate
for the half year ending on the 1st day of July, 1878, and
retain for surplus a sum equal to one-half of the amount
reserved in 1877. The amount due from it to its depositors,
for moneys deposited, is about $4,500,000. Its surplus

amounts to about $170,000. It proposes to increase it to an amount equal to ten per cent. of its deposits. Being in doubt whether, in view of the above-quoted provision of the act of 1878, it can lawfully pay to its depositors a dividend of more than five per cent. per annum, it asks the direction of this court in the premises.

The petitioner has no capital stock. It was incorporated merely for the purpose of receiving the money of depositors for investment and investing it on their account. It is a mere trustee. *Newark Savings Institution Case*, 1 *Stew.* 552. It is entitled to the aid and direction of this court in the management of its trusts. *Att'y-Gen.* v. *Moore's Ex'rs*, 4 *C. E. Gr.* 503.

The provision of the act of 1878 above referred to is somewhat obscure. Much aid in discovering the intention and policy of the legislature in enacting it may be obtained from the thirty-second section of the act " concerning savings banks " (*P. L.* 1876, p. 341). That section provides that it shall be the duty of the managers of the corporations created under that act to regulate the rate of interest or dividends (but.so, however, that it shall not exceed six per cent. per annum) upon the moneys deposited with the corporation in such manner that the depositors shall receive, as nearly as may be, all the profits of the corporation after deducting necessary expenses and reserving such amount as the managers may deem expedient as a surplus fund for the security of depositors; and the managers are thereby authorized to accumulate and hold such fund to the amount of fifteen per cent. of the deposits, to meet any contingency or loss in the business of the corporation from the depreciation of its securities or otherwise. The act further provides, that it shall be the duty of the managers of any such corporation whose surplus amounts to fifteen per cent. of its deposits, at least once in three years, to divide, equitably, the accumulation beyond such surplus of fifteen per cent. as an extra dividend to depositors in excess of the before-mentioned regular dividends.

By the provision of the fourth section of the act of 1878, the legislature intended that the interest or dividends paid to the depositors of any savings bank or savings institution should not exceed five per cent. per annum until after a surplus sufficient, in the judgment of the managers, to enable the institution to meet every contingency or loss in its business by reason of depreciation of its securities or otherwise should have been accumulated. When such surplus shall have been accumulated, the whole profits or income may be divided among the depositors, but not until then.

The petitioner ought not to pay to its depositors interest or a dividend at the rate of more than five per cent. per annum until it shall have accumulated a proper surplus. In my judgment, the surplus should be a sum not less than fifteen per cent. of the deposits.